**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**ABERDEEN DIVISION**

**LINDA FARRAR HERMAN** **PLAINTIFF**

**v.** **Civil No.: 1:17-cv-00021-GHD-DAS**

**WAL-MART STORES EAST, LP** **DEFENDANT**

---

**MEMORANDUM OPINION**

---

This Court currently has before it two motions for partial summary judgment: a motion for summary judgment on the issue of damages for future lost wages and future medical expenses filed by Defendant Wal-Mart Stores East, LP [30]; and a motion for partial summary judgment on the issue of liability filed by Plaintiff Linda Herman [31]. Having considered the matter, the Court finds that 1) Wal-Mart's motion should be granted in part and denied in part; and 2) Herman's motion should be denied.

**Background**

This diversity action arises out of accident that occurred while Herman was shopping at a Wal-Mart store in Tupelo, Mississippi. Herman alleges that she was struck by either a cart or boxes of merchandise stacked upon the cart being pulled by a Wal-Mart employee. Compl. [1] ¶¶ 5-10. Herman filed her complaint in this matter alleging Wal-Mart employees were negligent in loading and operating the cart, and therefore Wal-Mart is liable to her for compensatory damages, including future lost wages and future medical expenses. *Id.* ¶ 18.

After the completion of discovery, Wal-Mart moved for partial summary judgment arguing that Herman is unable to provide evidence of future lost wages and medical expenses. Herman, in turn, moved for partial summary judgment arguing there is no factual dispute that Wal-Mart is

liable for causing the cart and merchandise to strike her. The parties have responded to each other's motions and the matter is now ripe for review.

**Summary Judgment Standard**

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). *See* Fed. R. Civ. P. 56(a); *Johnston & Johnston v. Conseco Life Ins. Co.*, 732 F.3d 555, 561 (5th Cir. 2013). The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322, 106 S. Ct. 2548.

The party moving for summary judgment bears the initial responsibility of informing the Court of the basis for its motion and identifying those portions of the record it believes demonstrate the absence of a genuine dispute of material fact. *See id.* at 323, 106 S. Ct. 2548. "An issue of fact is material only if its resolution could affect the outcome of the action." *DeBlanc v. St. Tammany Par. Sch. Bd.*, 640 Fed. App'x 308, 312 (5th Cir. 2016) (per curiam) (quoting *Manning v. Chevron Chem. Co., LLC*, 332 F.3d 874, 877 (5th Cir. 2003) (quoting *Wyatt v. Hunt Plywood Co.*, 297 F.3d 405, 408 (5th Cir. 2002) (internal quotation marks omitted))).

Under Rule 56(a), the burden then shifts to the nonmovant to "go beyond the pleadings and by . . . affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324, 106 S. Ct. 2548; *Littlefield v. Forney Indep. Sch Dist.*, 268 F.3d 275, 282 (5th Cir. 2001); *Willis v. Roche Biomedical Labs., Inc.*, 61 F.3d 313, 315 (5th Cir. 1995). The Court "'resolve[s] factual

controversies in favor of the nonmoving party, but only where there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts.'" *Thomas v. Baldwin*, 595 Fed. App'x. 378, 378 (5th Cir. 2014) (per curiam) (quoting *Antoine v. First Student, Inc.*, 713 F.3d 824, 830 (5th Cir. 2013) (internal quotation marks and citation omitted)). "[T]he nonmoving party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence.'" *Id.* at 380 (quoting *Hathaway v. Bazany*, 507 F.3d 312, 319 (5th Cir. 2007)).

## Analysis

### 1. Herman's Motion for Partial Summary Judgment on the Issue of Liability

Herman moves for summary judgment, arguing that there is no genuine issue of material fact that: 1) a Wal-Mart employee unsafely stacked merchandise in the cart he was driving; and 2) either the cart hit Herman or merchandise fell from the cart and struck Herman. Therefore, she argues she is entitled to summary judgment on the issue of liability.

It is undisputed that while Herman was shopping, Justin Dunaway, a Wal-Mart employee, passed by her pulling a cart stacked with boxes of merchandise. Some boxes were stacked higher than the sides of the cart.

Herman repeatedly testified that she believed she was struck by the cart. Deposition of Linda Herman [30-3] at 66, 87-88. At her deposition, she appeared to be unsure whether the boxes also hit her. *See id.* at 176-179. A video of the incident captured by store cameras shows Dunaway turning a corner with the cart in tow. Video [33]. The video shows several boxes fall from the cart and strike Herman. It is unclear from the video whether the cart also struck Herman.

Dunaway testified that he was tasked with transporting the cart, which had already been loaded by other Wal-Mart employees, from the general receiving area to the grocery receiving area. Deposition of Justin Dunaway [31-3] at 9-11. He testified that as he turned a corner "one of

the wheels had locked up and that's when it fell over and hit the lady." *Id.* at 9. In a statement he made immediately after the accident, Dunaway again stated that the wheel on the cart locked up causing the boxes to topple over. Witness Statement of Justin Dunaway [31-2].

Wal-Mart, in opposition, first argues that whether the cart hit Herman is a material fact in dispute. They argue that if the cart struck Herman, then *why* the cart struck her is also important, because if the cart struck her because of some defective condition, there are factual disputes as to whether Wal-Mart had knowledge of that condition. Wal-Mart further argues there are genuine issues of material fact about what caused the boxes to fall over and strike Herman. If it was because of a problem with the cart, Wal-Mart again argues that there is a genuine issue of material fact about whether Wal-Mart caused or had knowledge of the problem. And if it was because of how the boxes were stacked, Wal-Mart argues there is a genuine issue of material fact as to whether the manner in which the boxes were stacked caused them to topple over.

It is unclear whether Herman seeks to recovery under a theory that Wal-Mart employees were "actively negligent" by negligently stacking and transporting or "passively negligent" by permitting a dangerous condition to exist that ultimately injured Herman. *See* 2 PREMISES LIABILITY 3d § 38:12 (2017 ed.)("Maintaining a dangerous condition on the premises constitutes only passive [negligence] . . . . Active negligence consists of creating a dangerous condition, not permitting.") However, at this stage, that distinction does not matter.

Under Mississippi law, a plaintiff may succeed on a premises liability action in one of three ways. *Elston v. Circus Circus Mississippi, Inc.*, 908 So. 2d 771, 777 (Miss. Ct. App. 2005). First, the plaintiff may show that a "dangerous condition was created through a negligent act of a store's proprietor or his employees". *Id.* (quoting *Munford, Inc. v. Fleming,* 597 So.2d 1282, 1284 (Miss. 1992)). "When .the dangerous condition is traceable to the proprietor's own negligence, no

knowledge of its existence need be shown." *Waller v. Dixieland Food Stores, Inc.*, 492 So.2d 283, 285 (Miss.1986). But "[i]f the presence of a dangerous condition is due to the act of a third party, the plaintiff must show that the defendant had actual or constructive notice of the hazard." *Elston*, 908 So.2d at 778 (citing *Douglas v. Great Atl. & Pac. Tea Co.*, 405 So.2d 107, 110 (Miss.1981))

To the extent that Herman alleges a dangerous condition existed, she alleges it was Wal-Mart and its employees, not any third-party, that created it. Thus, whether she wishes to recover under a theory of premises liability or not, she must show some negligent act on the part of Wal-Mart to establish liability.

Herman has not shown there is no genuine issue of material fact that Wal-Mart committed a negligent act. Herman first attempts to establish that Wal-Mart was negligent in maintaining the cart causing the wheel to lock up. However, there is a factual dispute as to whether the wheel locking up is what caused the cart to suddenly stop. Dunaway testified that he believed the wheel locked up. However, he has also testified at his deposition that he wasn't sure that the wheel locked up, but that it was the "only thing [he] could think of":

> Q: Did you tell me a wheel locked up on the cart?
>
> A: Only thing I could think of. It just kind of went sideways with me. So, I mean, only thing I can guess would be a wheel locked up—or malfunctioning.
>
> Q: When you say a wheel locked up, are you kind of making an assumption, are you kind of making an assumption or do you know?
>
> A: Kind of an assumption. . . . I just know that all of a sudden—it was rolling fine and just like locked up. So, I mean that was the only thing I could think that it would be.

Dunaway Dep. at 11.

Further, there is no evidence that conclusively establishes the cart was never maintained. Herman points to Dunaway's testimony that he had no personal knowledge that the maintenance

was performed on the cart. *Id.* at 23-24. However, Dunaway also stated that he "never really paid attention" to that matter. *Id.* at 23.

Similarly, there is a factual dispute as to whether stacking the boxes higher than the cart was a negligent act. One commits a negligent act when he breaches his duty to "act[] as a reasonable and prudent person would have under the same or similar circumstances." *Eli Investments, LLC v. Silver Slipper Casino Venture, LLC*, 118 So. 3d 151, 154 (Miss. 2013) (quoting *Donald v. Amoco Prod. Co.*, 735 So.2d 161, 175 (Miss.1999)). "Whether the defendant breached its duty to the plaintiff is a question of fact." *Id.*

Herman points to the deposition testimony of Dunaway and Vicky Baker, an assistant manager of Walmart, to show that the cart was stacked in an unreasonable manner. Baker testified that employees were taught never to stack boxes over the top of the cart. Deposition of Vicky Baker [31-6] at 18. Dunaway also testified that he thought the boxes were stacked too high. Dunaway Dep. at 25. He further testified that he might have secured the boxes better had he stopped to think about how they were stacked. *Id.* at 40.

However, Dunaway also testified that the boxes didn't feel unstable when he initially began pulling the cart, and that if they ever felt unstable he would have stopped adjusted the cart. *Id.* at 30-31. Dunaway testified that the only reason he thinks the boxes were stacked too high is because they fell over. *Id.* at 31-32.

This argument—that negligence must have occurred because the boxes fell—is a *res ipsa loquitur* argument. The *res ipsa loquitur* doctrine allows a factual inference of negligence when the plaintiff satisfies these elements:

> First, the defendant must have control and management of the instrumentality causing the plaintiffs injury. Moreover, the injury must be such that in the ordinary course of things it would not occur if those in control of the instrumentality used proper care. Third and

> finally, *res ipsa loquitur* only applies where the injury is not a result of the plaintiff's voluntary act.

*Powell v. Methodist Health Care-Jackson Hosps.*, 876 So. 2d 347, 349 (Miss. 2004)(internal quotations and citations omitted.) Application of this doctrine, however, does not conclusively establish negligence occurred, but merely raises an "inference which the jury can accept or reject." *Shook v. Winn-Dixie Montgomery Leasing, LLC*, No. 1:08CV-330-HSO, 2009 WL 4723260, at *2 (S.D. Miss. Dec. 4, 2009). This inference must be resolved in favor of the non-moving party—in this case, Wal-Mart. It is not "an appropriate basis for summary judgment." *Id.*

Because factual issues remain about whether Wal-Mart and its employees exercised reasonable care in maintaining, using, stacking, and transporting the cart and merchandise in this case, summary judgment on the issue of liability is inappropriate. For these reasons, Herman's motion will be denied.

**2. Wal-Mart's Motion for Summary Judgment on the Future Lost Wages and Medical Damages**

Wal-Mart moves for partial summary judgment arguing that 1) Herman has conceded she not suffer any future lost wages; and 2) that Herman cannot prove to reasonable degree of certainty that she will incur future medical expenses.

In support of its first argument, Wal-Mart points to deposition testimony of Herman, where she states that she is no longer working because she didn't want to work anymore, not because of the accident. Herman Dep. [30-3] at 26. Herman also stated that she was not claiming the accident was the reason she could no longer work. In her response, Herman concedes that she is not seeking damages for future lost wages. Pl.'s Resp. to Def. Mot. For Partial Summ. J. [41] at 1. Accordingly, the motion will be granted with respect to those damages.

Next, Wal-Mart argues that Herman has not designated an expert to testify as to the necessity any future medical expenses. According to Wal-Mart, although Herman's expert witness designation identifies seven treating physicians, the designation does not identify that any will testify about the necessity of future medical expenses. Further, it argues the designation does not provide sufficient disclosures, and therefore the physicians will only be able to testify based upon knowledge acquired during the course and scope of treatment. Thus, it argues there is no evidence Herman will need to incur future medical expenses.

In response, Herman argues that expert testimony is not necessary in this case, and further provides an affidavit wherein she states that, as a result of the accident, she has and will continue to receive steroid injections "for the foreseeable future". Herman Dec. [39-2]

"[T]o be recoverable, damages must be shown with reasonable certainty and not left to speculation and conjecture." *Flight Line, Inc. v. Tanksley*, 608 So. 2d 1149, 1164 (Miss. 1992). Generally, "where it is established that future consequences from an injury to a person will ensue, recovery therefor may be had, but such future consequences must be established in terms of reasonable probabilities." *Entex, Inc. v. Rasberry*, 355 So. 2d 1102, 1104 (Miss. 1978).

The issue in this motion is not whether the accident caused Herman injuries or pain, but what treatment Herman will need for those injuries and pain in the future. Herman is not qualified to testify to a reasonable degree that of certainty she will require continuing injections because she is not a medical expert. The remaining question is whether Herman's expert designations are sufficient to establish she will require future injections.

Local Uniform Civil Rule (26(a)(2)(D) provide that when a party seeks to offer expert testimony through a treating physician, the party need not provide a written report. L.U. Civ. R. 26(a)(2)(D). However, "the party must disclose the subject matter on which the witness is expected

to present evidence under Federal Rule of Evidence 702, 703, or 705, and a summary of the facts and opinions to which the witness is expected to testify." *Id.* "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." FED. R. CIV. P. 37(c).

The Court notes that Wal-Mart has not moved to strike or limit the testimony of the treating physicians in any way. Wal-Mart relies on the argument that any future medical damage testimony by the treating physicians will be inadmissible at trial. Further, the briefs of the parties on this motion do not adequately address if and how these opinions should be limited.

The Court also notes that when a treating physician designation indicates that the physician will opine that a plaintiff's injuries required a certain treatment, it may follow that the scope and length of that treatment is within the scope of that physician's designation. The designations of Dr. Bartee, Dr. Thompson, and Dr. Southworth each indicate that the physicians are expected to testify that Herman's injuries require injections to treat. *See* Pl.'s Expert Witness Designation [30-2] Thus, the necessity of future injections appears to be within the scope of opinions presented by some of the treating physicians. Accordingly, Wal-Mart's motion should be denied in that respect.

**Conclusion**

Genuine issues of material fact exist concerning whether Wal-Mart and its employees breached a duty to act with reasonable care in this case. Therefore, Herman's motion for partial summary judgment on the issue of liability will be denied.

Herman concedes that she will not suffer any future lost wages as a result of the accident. However, Herman has provided expert testimony that creates a genuine issue as to whether she will require future medical treatment for her injuries. Therefore, Wal-Mart's motion for partial

summary judgment on the issue of damages for future lost wages and future medical expenses will be granted in part and denied in part.

An order in accordance with this opinion shall issue.

This, the 24th day of May, 2018.

SENIOR U.S. DISTRICT JUDGE